IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10759
Summary Calendar
_____

PAULA STROTHERS,

Plaintiff-Appellant,

versus

ELIZABETH SAMFORD, Disciplinary Hearing Officer;
WENDY J. ROAL, Administrator National Inmate Appeals
U.S. Bureau of Prisons; O. IVAN WHITE, JR., Regional
Director; JOSEPH B. BOGAN, Warden Federal Medical
Center Carswell; LISA AUSTIN, Unit Manager
Administration Unit Federal Medical Center Carswell,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-797-A
--------------------
January 22, 2002

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Paula Strothers, federal prisoner # 40278-004, appeals the summary-judgment dismissal of her pro se, in forma pauperis, civil rights suit filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Strothers alleged that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment because she was subjected to cold cell temperatures while incarcerated at the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Medical Center, Carswell, Fort Worth, Texas.  In opposition to defendants' summary judgment motion, she also asserted that her cell temperature reached 140 degrees on one occasion, necessitating emergency medical treatment.

The district court did not err in determining that Strothers failed to meet her summary judgment burden to show the existence of a genuine issue for trial concerning her Eighth Amendment claim.  Strothers has offered nothing that refutes the defendants' evidence that they responded to her complaints of cold cell temperatures and that Strothers could have requested extra blankets.  Strothers' claim that her cell achieved a temperature of 140 degrees on one occasion is conclusional and incredible.  She has thus failed to establish a genuine issue that defendants deprived her of the minimal civilized measure of life's necessities and were deliberately indifferent to her needs.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Palmer v. Johnson, 193 F.3d 346, 353 (5th Cir. 1999); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc) (nonmovant cannot satisfy summary-judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence).

AFFIRMED.